UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Patricia T. Patterson, | ) C/A No. 0:09-2478-MBS-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| David V. Benson; Luther Elrod; Jack Leader; Thomas Pope; Harold Stanley, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Patricia T. Patterson (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] The complaint names several private attorneys as Defendants. Plaintiff sues the Defendants "for Breached Contract arising out of Legal Malpractice litigation." *See* Complaint, page 4. Plaintiff seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, her pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff, who alleges breach of contract and legal malpractice claims, states "Defendants, David V. Benson, Jack Leader, Harold Stanley, Thomas Pope, and Luther Elrod, III" are "governmental Officials of Elrod Pope Law Firm" in Rock Hill, South Carolina. *See* Complaint, page 4. Plaintiff states a "client-attorney relationship was established February 24, 2006." *See* Complaint, page 5. The Defendants were apparently retained to handle a workers' compensation matter for the Plaintiff and allegedly failed to present medical and other relevant evidence during a hearing. Plaintiff also alleges that the Defendants "conspired with opposing counsel, Erroll A. Hodges, to deprive privileges guaranteed under the [South Carolina Workers' Compensation Act]." *See* Complaint, page 5. Plaintiff further claims that the Defendants entered into a settlement agreement, without the Plaintiff's consent. Plaintiff seeks monetary damages and injunctive relief for the Defendants' actions.



2

Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right," and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). *See also Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994)("Private lawyers do not act 'under color of state law' merely by making use of the state's court system"); *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975)("[i]t is established that a private attorney, while participating in the trial of private state court action, is not acting under color of state law"). In the present action, Plaintiff sues private attorneys for representation associated with Plaintiff's workers' compensation claim. As such, the Defendants are not "state actors" amenable to suit under § 1983.

While a private attorney may be brought into a civil rights lawsuit on a conspiracy theory, *Tower v. Glover*, 467 U.S. 914, 919-20 (1984), a plaintiff must allege that such party was "a willful participant in joint action with the state or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Plaintiff's complaint alleges that the Defendants conspired with the private attorney acting as "opposing counsel" in the workers' compensation case. However, Plaintiff provides no factual information to indicate that the Defendants participated in "joint action" with any state or



3

governmental employee or entity. Therefore, to the extent Plaintiff's claim is based on a conspiracy theory, it is subject to summary dismissal.

Finally, Plaintiff alleges claims of "gross negligence," breach of contract, and legal malpractice against the Defendants. However, negligence and legal malpractice are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). *See also Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct"). Further, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989).

Negligence, breach of contract, and legal malpractice are causes of action under South Carolina law. *See, e.g., Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993)(legal malpractice); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991)(legal malpractice); *Rowland v. Pruitt*, 116 S.E. 456 (S.C. 1923)(breach of contract); *Mail Mart, Inc. v. Action Mktg. Consultants, Inc.*, 314 S.E.2d 351 (S.C. Ct. App.1984)(breach of contract). A civil action for such state law causes of action would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). However, diversity of citizenship is not present in the instant action because Plaintiff and the Defendants are all residents of South Carolina.[2] As Plaintiff fails to state a cognizable § 1983 claim, and this Court

---



[2] 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means

4

lacks jurisdiction to entertain Plaintiff's state law causes of action, the present case is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

Oct 2
September, 2009
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

---

that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978).

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



6