IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, | ) |
| Plaintiff, | ) C/A No. 0:09-2478-MBS )  ) |
| vs. | ) )  **O R D E R** |
| David V. Benson; Luther Elrod; Jack Leader; Thomas Pope; Harold Stanley, | ) )  ) |
| Defendants. | ) ) |

Plaintiff Patricia T. Patterson, proceeding pro se and in forma pauperis, brings this action against members of a law firm retained by her to pursue a workers' compensation claim. Plaintiff alleges that her § 1983 claim is grounded in "Breached Contract arising out of Legal Malpractice litigation. While acting under the-color-of-state-law, the Breached Contract violated her Equal Protection, Procedural Due Process, and Right to File Grievance depriving privileges guaranteed under the SC WCC Act." Entry 1, 4. Plaintiff seeks $3.5 million "with a Permanent Disbarment for Injunctive Relief in violation of Plaintiff's 1st, 14th, and 5th Amendment Rights.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On October 5, 2009, the Magistrate Judge filed a Report and Recommendation in which he determined that (1) Defendants Benson, Elrod, Leader, Pope, and Stanley, as private attorneys, are not "state actors" amenable to suit under § 1983; (2) Plaintiff asserted no factual information to indicate that Defendants participated in "joint action" with any state or governmental employee or entity; and (3) the court is without jurisdiction to hear any state law claims for negligence, breach of contract, and legal

malpractice because diversity of citizenship is not present. Accordingly, the Magistrate Judge recommended that the within action be summarily dismissed. Plaintiff filed objections to the Report and Recommendation on October 13, 2009, along with a motion to supplement the complaint.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Pursuant to Fed. R. Civ. P.15(a) (as in effect prior to December 1, 2009), a party may amend a pleading once as a matter of course before being served with a responsive pleading. Therefore, Plaintiff's motion to amend or supplement the complaint is granted. The court has considered both the original complaint and supplemental verified complaint filed by Plaintiff. However, neither complaint is cognizable for the reasons stated by the Magistrate Judge. As the Magistrate Judge properly noted, a plaintiff must prove three elements in order to succeed on a § 1983 claim: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law. Herman v. Lackey, 309 F. App'x 778, 782 (4th Cir. 2009) (quoting Jenkins v. Medford, 119 F.3d 1156, 1159-60 (4th Cir. 1997)). The "under color of state law" element "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Id. (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). "'The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions.'" Id. (quoting Debauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999)). In this case, Plaintiff alleges that Defendants conspired

with opposing counsel, who represented Plaintiff's employer. There is no basis upon which to find that the alleged conduct of Defendants constituted state action. Plaintiff's objections are without merit.

Plaintiff does not object to the Magistrate Judge's determination that the court lacks diversity jurisdiction to hear state law claims. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has thoroughly reviewed the record and Report and Recommendation. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's § 1983 complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

December 17, 2009.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure**.